THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* DATIVO NICOLÁS HIRALDO, Defendant and Appellant.

No. 7299. Argued March 28, 1939.—Decided April 20, 1939.

*J. Valldejuli Rodríguez,* for appellant. *R. A. Gómez, Prosecuting Attorney; Luis Janer, Assistant Prosecuting Attorney,* for The People, appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

In the Municipal Court of Carolina a complaint was filed against Dativo Nicolás Hiraldo for a violation of Section 553 of the Penal Code. It was alleged that on the 15th day of July, 1937, at 7:15 p. m., he, unlawfully, willfully and maliciously, being the representative or agent of the commercial establishment of . . . Juan G. Alberty, which sells drugs, chemical and pharmaceutical products, perfumery, ironmongery, office supplies, etc., etc., maintained said establishment (which is a miscellaneous business), open to the public on the date and hour above described, in violation of Section 553 of the Penal Code.''

When the case was called for trial in the Municipal Court of Carolina, the defendant demurred to the complaint for the following motives:

''1.—That the complaint in the instant case does not state facts constituting a criminal cause of action, nor violation of Section 553 of the Penal Code of Puerto Rico, nor violation of any other statute.

''2.—From the face of the complaint itself it appears that the establishment is a pharmacy established in the City of Carolina, and which is authorized by Section 553 of the Penal Code, paragraph 8, as amended by Act No. 110, of May 13, 1937, p. 268.

''3.—That it is likewise alleged in the complaint that said establishment is the property of Juan G. Alberty and the defendant is an employee, and as Section 553, as amended by said Act No. 110 of 1937, is a workmen's law, which protects only the employees, and which was passed with the view that the employees should not work, it can not refer except to the owner of the establishment.

''4.—The defendant likewise states that said complaint does not allege that said establishment was open on a legal holiday and that due to this fact the employees were permitted to work, or that transactions took place.''

The municipal court overruled the demurrer. Finally he was convicted and sentenced. He appealed to the District

·Court of San Juan. He reproduced the demurrer. The court overruled it and at the trial *de novo* the defendant admitted that had the witnesses for the prosecution appeared, they would have testified that on the 16th of July, 1937, at 7:15 p. m., in Muñoz Rivera Street, of Carolina, Puerto Rico, "the defendant Dativo Nicolás Hiraldo, being the represen· tative or agent of the commercial establishment of Juan G. Alberty, whose business is to sell drugs, chemical and pharma- ceutical products, perfumery, iron-mongery and office supplies, the said establishment open to the public in the form and time above indicated." He did not offer any evidence in his defense and the court found him guilty and fined him $5 and costs, or in lieu thereof a day in jail for each dollar in default.

He appealed to this court his assignment of errors being as follows:

"1.—In overruling the demurrers interposed by the defendant.

"2.—In deciding that an employee of an establishment may be found guilty of the fact that the establishment was open to the public.

"3.—In having convicted the defendant without evidence that in said pharmacy or establishment referred to in the complaint the servants or employees were working and that business transactions were being carried on.

"4.—In finding the defendant guilty without evidence that he was violating an ordinance of the Municipality of Carolina, since the law specifies that pharmacies shall be regulated by the respective municipal assemblies or Board of Commissioners of San Juan.

██ Section 553 of the Penal Code as amended by Act No. 110 of May 13, 1937 (Session Laws, p. 268) provides in its pertinent part:

"Section 553.—That all day Sunday, except when the .24th of December and the 1st and 5th of January fall on Sunday, on the first Monday in September (Labor Day) and the 4th of July, on all legal holidays from 12 a. m., on all Saturdays from 9 p. m.; on all working days from 6 p. m., and on the 24th and 31st days of December, and the 5th day of January, of each year, from 10 p. m., ·commercial and industrial establishments shall remain closed to the

public; and one hour after closing, no work of any kind shall be permitted the employees of said establishments, except those stated below:

" * * * * * * *

"8. Pharmacies, the closing of which shall be regulated by ordinances of the municipal assemblies or of the Board of Administration of the Government of the Capital, in which the exact number of pharmacies that must remain open during all the hours of the night and early morning, and the corresponding turns for such purpose, shall be specifically established; *Provided,* That in no case shall the municipalities or the Government of the Capital order the closing of pharmacies on working days during the hours from 7 a. m. to 6 p. m.; *Provided, further,* That the municipalities and the Government of the Capital may establish dispensaries for emergency night service without violating the provisions of this clause."

The 16th of July, 1937, was a working day. According to law commercial establishments should close at 6 o'clock in the afternoon. Despite statutory provisions the establishment represented by the defendant was open at 7 p. m. From the face of the complaint it does not appear that it was a pharmacy. Drugs and chemical and pharmaceutical products were sold there. Perfumery, iron-mongery and office supplies were also for sale. The mere fact that drugs and chemical and pharmaceutical products were for sale does not necessarily imply that the establishment which sells them is a pharmacy, unless such products are those which the law requires to be sold by pharmacists only. *People* v. *A. Mayol & Co.,* 38 P.R.R. 898.

The defendant argues that the establishment in question was a pharmacy and that according to law he did not have to close at 6 o'clock in the afternoon every working day, as it is required of commercial establishments. As pharmaceutical establishments are excepted by law, and the exception is not part of the definition of the offense, the exception is a matter of defense which the defendant should allege and prove, unless that fact appears from the allegations of the complaint or from the evidence adduced, which did not hap-

pen in the present case. *People* v. *Avilés,* ante p. ____. The defendant admitted that he was the agent or representative of the owner. The law as we have seen imposes the duty of closing commercial establishments on working days at 6 o'clock in the afternoon. As the defendant was the representative of the owner and not a mere laborer, or clerk, it was his duty to obey the law, and as he did not do so but allowed the establishment he represented to remain open after the time permitted by the law, he violated it, the same as the owner would have. Finally, it was not necessary to allege and prove that at that time commercial transactions were carried on nor that other employees were working. It was sufficient that the establishment was open to the public. It was so decided by this Court in the cases of *People* v. *Hernández,* 36 P.R.R. 587 and *People* v. *González,* 50 P.R.R. _____.

It seems to us that none of the errors assigned by the defendant has been committed. Therefore, the judgment appealed from should be affirmed.